UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL J. TYLER,

    Petitioner,

v.                                                CASE NO: 8:12-cv-38-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

## **ORDER**

Tyler, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition and the Respondents' response (Dkt. #3) and Upon review, the Court concludes that the petition must be denied because the claims of deprivation of due process, fair sentencing and double jeopardy are without merit.

## **Background**

Tyler, was charged with two counts of lewd or lascivious battery, one count of lewd or lascivious conduct, and one count of possession of child pornography. Tyler pled no contest on all counts with an agreement that the minimum sentence would be 11.65 years and the maximum would be 50 years. Tyler filed a motion for downward departure sentence in preparation for the sentencing hearing. Tyler argued that his sentence should be below the minimum because he needed specialized treatment and the victim willingly participated in

the sexual activity. An evaluation from Dr. Leo Cotter was filed by Tyler to support his motion.

At the sentencing hearing Tyler, Cathryn Tyler, Dr. Leo Cotter, Detective Todd Greene, and Lieutenant Michael Baute testified. Both Tyler and the State presented argument on the appropriate sentence. Tyler was sentenced to 15 years in prison followed by ten years of sex offender probation.

A notice of appeal was filed. Tyler's counsel filed an *Anders* brief asserting that no reversible error occurred in the trial court. Tyler filed a motion to correct sentencing error in the trial court pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) that allowed temporary relinquishment of jurisdiction to the trial court.

Tyler raised two issues in his motion: 1) uncharged criminal conduct became a feature of sentencing and 2) his conviction on two counts of lewd or lascivious battery violated double jeopardy. The trial court denied the motion.

Tyler appealed, raising the same two issues as in his motion to correct sentencing error. The State filed a brief contending that there was no reversible error. The appellate court, affirmed per curiam without a written opinion on October 19, 2011. *Tyler v. State*, 73 So. 3d 770 (Fla. Dist. Ct. App. 2011). The mandate was filed on November 16, 2011.

Tyler timely filed this petition for writ of habeas corpus on January 9, 2012, pursuant to 28 U.S.C. §2254 on grounds that his rights to due process and a fair sentencing hearing were violated, and that he was subjected to double jeopardy.

**Standard of Review**

28 U.S.C. section 2254(a) requires a federal court to entertain an application for writ of habeas corpus only when the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) (citing *Engle v. Isaac*, 457 U.S. 1141 (1982)). Even if a petition dealing with state law issues is "couched in terms of equal protection and due process," the limitation on federal habeas corpus review is still in effect. *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1876).

Section 2254(d) forbids federal courts from granting habeas relief for claims that previously were "adjudicated on the merits" in state court, unless the petition can establish the adjudication "resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court law, or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1),(2). When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits. *Harrington v. Richter*, 131 S.Ct. 770, 784-85 (2011). Where the state court does explain its reasoning, that decision receives AEDPA deference even if the state court fails to cite Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002).

Federal habeas review is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state court adjudication that resulted in " a decision that was contrary to, or involved an unreasonable application of established law". Thus, the record under review is also limited to the record in existence at that same time. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398-1401 (2011). The federal court will presume the correctness of state court findings of fact, unless the petitioner is able to rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Ground 1: Deprivation of due process and a fair sentencing hearing**.

Tyler alleges that he was deprived of due process and a fair sentencing hearing where testimony and argument of uncharged criminal conduct became a prevalent feature of sentencing. He contends the trial court unfairly increased his sentence because it considered testimony on the commission of an exponentially greater number of additional crimes. Tyler makes this claim in the face of the fact that it was he and his witness that presented this testimony of numerous other victims.

At the hearing on motion to correct sentence, the trial court found that the testimony at issue was either direct or cross-examination of testimony of Tyler's expert regarding whether he was suitable for a prison sentence and that Tyler himself testified that there were multiple victims. Evidence of unadjudicated offenses allowed at a sentencing hearing in capital cases is routinely found not to violate due process. *See Beazley v. Johnson*, 242 F. 3d 248, 262 (5th Cir. 2001). The trial court's findings demonstrate the evidence of other crimes

never became a feature of the sentencing hearing but was used by Tyler as evidence to support his request for a downward departure.

Tyler fails to demonstrate that the state decision was not based on a reasonable application of federal law as established by the Supreme Court and a reasonable determination of the facts in light of the evidence or that his sentence was based "upon misinformation of constitutional magnitude." *United States v. Tucker*, 404 U.S. 443, 447 (1972). Tyler's sentence fell within the legislative maximum penalty and is within the range agreed upon in his plea agreement. It is presumptively valid. *See Rummel v. Estelle*, 445 U.S. 263, 272 (1980).

This claim lacks merit.

**Ground 2:  Two sentences for lewd or lascivious battery violated double jeopardy.**

Tyler argues that his sentence was in violation of double jeopardy because he was charged with two counts of Lewd and Lascivious Battery and the second count was fully subsumed within the first count.

The Double Jeopardy Clause protects a defendant from multiple punishments for the same offense. *Missouri v. Hunter*, 459 U.S. 359, 365-66 (1983); *North Carolina v. Pearce*, 395 U.S. 711 717 (1969). Separate acts do not violate double jeopardy. *United States v. Overton*, 573 F.3d 679 (9th Cir. 2009)

The State proved Tyler committed separate acts of Lewd and Lascivious Battery based on the record. Therefore, this claim is without merit.

**Conclusion**

Both of Tyler's claims are lacking in merit and will be denied. It is therefore

ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

F:\Docs\2012\12-cv-38.deny 2254.wpd